Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7156 | **DATE** | 10/11/2001 |
| **CASE TITLE** | Comerica Bank vs. Rajeev S. Patil | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly the Answer is stricken in its entirety. Patil's counsel is ordered to file an appropriate and self-contained Amended Answer in this Court's chambers on or before October 22, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | OCT 12 2001 date docketed | |
| | Docketing to mail notices. | | | | 5 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/11/2001 date mailed notice | |
| SN | courtroom deputy's initials | 01 OCT 12 AM 7:53 | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

OCT 1 2 2001

COMERICA BANK, )
  )
            Plaintiff, )
  )
v. ) No. 01 C 7156
  )
RAJEEV S. PATIL, )
  )
            Defendant. )

MEMORANDUM OPINION AND ORDER

Rajeev Patil ("Patil") has filed his Answer to the Complaint brought against him by Comerica Bank ("Comerica"), which has invoked diversity of citizenship as the predicate for federal subject matter jurisdiction. This sua sponte memorandum opinion and order is triggered by the seriously problematic nature of Patil's responsive pleading.

This is not the type of situation that frequently occasions such sua sponte opinions, where defense counsel has inexplicably departed from the plain roadmap marked out by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as to the disclaimer required to obtain the benefit of a deemed denial--in that respect, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Instead Patil's lawyers have been literally faithful to the formulation set out in that second sentence, but the assertion of that disclaimer to some of the Complaint's allegations is more than troublesome.

Most significantly, Patil's answer to Complaint Cause of

5

Action[1] ¶1 disclaims "sufficient knowledge or information to form a belief as to whether Comerica gave good and valuable consideration in exchange for his promise to pay" under the Promissory Note ("Note") on which Comerica sues. That frankly seems absurd. Patil admittedly signed the Note (Complaint Ex. A) on April 27, 2000, and by definition he must know the circumstances under which and the basis on which he executed and delivered the Note. That being so, this Court will only reluctantly maintain an open mind as to whether there can be any legitimate basis for Patil's disclaimer, but the initial impact of the Answer strongly suggests that Patil's counsel ought to read (or reread) both Rule 11 and 28 U.S.C. §1927.

Though they are seemingly somewhat less egregious, much the same may be said of the disclaimers in Patil's answers to Complaint Cause of Action ¶¶4 through 6 and his partial disclaimer in the answer to Complaint Cause of Action ¶3. In those respects as well as in the most basic answer referred to in the preceding paragraph, Patil's Answer has the appearance of an effort to delay Comerica's collection of a valid and legitimate

---

[1] Unlike Illinois state practice, in which "cause of action" is the appropriate terminology, the operative term in the federal courts is a "claim for relief"--a meaningful difference (see NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992)). But for designation purposes only, this opinion adheres to the "Cause of Action" label employed by Comerica's counsel in the Complaint.

2

obligation.[2]

Accordingly the Answer is stricken in its entirety. Patil's counsel is ordered to file an appropriate and self-contained Amended Answer in this Court's chambers (with a copy of course being sent to Comerica's counsel) on or before October 22, 2001. If there *is* some legitimate basis for Patil's failing simply to admit most if not all of the Complaint's allegations that have been referred to here, those must be spelled out in the Amended Answer, so that both Comerica's counsel and this Court will be on adequate notice of Patil's basis for contesting this lawsuit.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 11, 2001

---

[2] There is one respect in which the Answer's use of the Rule 8(b) disclaimer language does not pose a problem. In his answers to Complaint Jurisdiction ¶¶1 and 3, Patil has permissibly put Comerica to its proof as to its dual corporate citizenship under 28 U.S.C. §1332(c)(1), and hence as to the existence of diversity jurisdiction.

3